CLIFTON B. AND HATTIE J. BINNS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Binns v. Commissioner
Docket No. 7584-87
United States Tax Court
T.C. Memo 1988-362; 1988 Tax Ct. Memo LEXIS 386; 55 T.C.M. (CCH) 1516; T.C.M. (RIA) 88362; August 9, 1988
Clifton B. Binns, pro se. Mark D. Petersen, for the respondent. POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge:[1] By a notice of deficiency issued January 21, 1987, respondent determined a deficiency in petitioners' 1983 income tax liability in the amount of $ 409. In view of concessions by petitioners, the sole *387 issue is whether petitioners are entitled to an investment credit on a rental unit that they purchased. In 1985 petitioners purchased a duplex apartment building. They occupied one-half of the building and rented the other half. Petitioners maintain that they are entitled to an investment credit under section 38. [2] Section 48(a)(1), in relevant part, defines "section 38 property" for which the credit is available to mean: (A) tangible personal property (other than an air conditioning or heating unit), or (B) other tangible property (not including a building and its structural components) but only if such property -- (i) is used as an integral part of manufacturing, production, or extraction or of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services * * *. [Emphasis added.]
Faced with the clear language that is emphasized petitioners argued that under respondent's regulations defining an "integral part" their duplex qualifies as "other tangible property" under section 48(a)(1)(B)(i). *388 The regulations provide: Property is used as an integral part of one of the specified activities if it is used directly in the activity and is essential to the completeness of the activity. Section 1.48-1(d)(4), Income Tax Regs.)
In petitioners' view their activity is renting space and the duplex is an integral part of that activity. But the specified activities referred to in the regulations are activities contained in section 1.48-1(d)(1) of the regulations and, in turn, section 48(a)(1)(B) of the Code. The bare rental of space is not within the scope of these "specified activities." In all events, section 48(a)(1)(B) clearly excludes buildings. Decision will be entered for the respondent.
Footnotes
1. This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986↩. 2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩